ACCEPTED
01-15-00098-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 2:05:17 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-15-00098-CV

| | | |
|---|---|---|
| SAMUEL RENE MONTANA, APPELLANT, | § § § | IN THE COURT OF APPEALS |
| VS. | § § § | FIRST JUDICIAL DISTRICT |
| MELISSA ANN MONTANA, APPELLEE | § § | HOUSTON, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 2:05:17 PM
CHRISTOPHER A. PRINE
Clerk

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

This *Motion to Dismiss Appeal for Lack of Jurisdiction* is brought by Appellee, MELISSA ANN MONTANA (hereinafter referred to as "Melissa"). In support, Appellee shows:

On August 30, 2013, the trial court signed an *Agreed Final Decree of Divorce* in Cause No. 2012-47087 styled *In the Matter of the Marriage of Melissa Ann Montana and Samuel Rene Montana*. That *Agreed Final Decree of Divorce* is attached as Exhibit A.

On July 30, 2014, the 247th Judicial District Court of Harris County heard Melissa's *Petition for Enforcement of Property Division by Contempt* (attached hereto as Exhibit B). The trial court rendered an order on that same date, and an *Order of Enforcement by Contempt and Suspension of Commitment* (attached hereto as Exhibit C) was signed by the Court on August 29, 2014.

1

SAMUEL RENE MONTANA (hereinafter referred to as "Samuel") filed a *Motion to Set Aside Enforcement Order and/or for New Trial or in the Alternative Clarification* (attached hereto as Exhibit D) on December 1, 2014. He did not set his motion for hearing.

Thereafter, Samuel filed a *Notice of Appeal* on January 28, 2015, which is attached to this motion as Exhibit E.

## I. No Jurisdiction by Direct Appeal

The judgment appealed from is an order holding Samuel in contempt for violation of terms of the parties' *Agreed Final Decree of Divorce*. Specifically, as set out in his *Notice of Appeal*, Samuel seeks "to appeal any portions of the judgment dealing with contempt of court." (*See Samuel's Notice of Appeal, Exhibit E.*)

Rulings on contempt motions are not appealable. *Hooper v. Hooper*, 2011 Tex. App. LEXIS 776 *2 (Tex. App. – Houston [14th Dist.] February 3, 2011) (mem. opinion). As set out in *Hooper*, contempt proceedings are not appealable because they "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *Id.* citing *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913,

2

915-16 (Tex. App.-Fort Worth 2007, orig. proceeding); *see also In re Naylor*, 120 S.W.3d 498, 500 (Tex. App.-Texarkana 2003, orig. proceeding) ("Decisions in contempt proceedings are not appealable.").

For further support of the proposition that decisions in contempt proceedings are not appealable, see *Ex parte Williams*, 690 S.W.2d 243 n. 1 (Tex. 1985); *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967); *Mendez v. Attorney Gen. of Texas*, 761 S.W.2d 519, 521 (Tex. App.—Corpus Christi 1988, no writ); *Smith v. Holder*, 756 S.W.2d 9, 10-11 (Tex. App.—El Paso 1988, no writ); *Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex. Civ. App.—San Antonio 1980, no writ); *Anderson v. Burleson*, 583 S.W.2d 467 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ.

Because Samuel attempts to prosecute a direct appeal from the trial court's finding of contempt, this Court should dismiss because it has no jurisdiction to review the finding in such a manner.

## II. Alternatively, No Jurisdiction as Notice of Appeal is Untimely

In the alternative, Melissa seeks to dismiss Samuel's appeal for want of jurisdiction. If this Court determines that any portion of the order being appealed is subject to a direct appeal (contrary to the arguments set out hereinabove), then Samuel's *Notice of Appeal* was nevertheless untimely filed and thus this Court has

no jurisdiction over the appeal.

Pursuant to *Tex. R. App. P. Rule 26.1*, Samuel's *Notice of Appeal* was due to be filed with the clerk the of the trial court within thirty (30) days of the date the order appealed from was signed unless a timely motion – such as a motion for new trial – was also filed to the effect of extending that deadline to ninety (90) days. Pursuant to *Tex. R. Civ. P. Rule 329b(a)*, a motion for new trial shall be filed prior to or within thirty days after the judgment is signed.

The *Order of Enforcement by Contempt and Suspension of Commitment* appealed from was signed on August 29, 2014. As such, Samuel's motion for new trial was due on or before September 28, 2014. Samuel filed his motion for new trial on December 1, 2014 – more than two months after the deadline to file – and, therefore, his *Motion to Set Aside Enforcement Order and/or for New Trial or in the Alternative Clarification* was not timely filed per *Tex. R. Civ. P. Rule 329b(a)*.

Because Samuel's motion for new trial was not timely filed, the deadline by which notice of appeal was due was not extended under *Tex. R. App. P. Rule 26.1(a)(1)*, making Samuel's notice of appeal due on September 28, 2014. The notice of appeal was not filed until January 28, 2015.

Because Samuel's notice of appeal was not timely filed, this Court should dismiss Samuel's appeal for want of jurisdiction

### III. Compliance Hearing Does Not Extend Appellate Deadlines

Apparently anticipating an argument that his appeal was not timely filed, Samuel sets out in his *Notice of Appeal* that there was a compliance hearing setting and that such setting somehow served to extend the deadline by which his motion for new trial – and, as a result, notice of appeal – was to be filed. His argument fails for several reasons.

First, nothing in the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure provides that a compliance hearing setting extends the deadlines to file a motion for new trial or notice of appeal. *See Tex. R. Civ. P. Rule 329b(a) and Tex. R. App. P. Rule 26.1(a)(1).*

Further, although there was in fact a compliance setting, there was no compliance hearing or order on compliance. As stated in Samuel's *Notice of Appeal*, the parties passed the trial court's compliance hearing setting because Samuel was in compliance with the court's *Order of Enforcement by Contempt and Suspension of Commitment* at that time. As there was no compliance hearing, there was no order rendered or signed as a part of the compliance setting and thus, no compliance order from which an appeal could arguably be prosecuted.

Finally, Samuel's *Notice of Appeal* specifically appeals the trial court's *Order of Enforcement by Contempt and Suspension of Commitment* signed on

August 29, 2014, not any perceived ruling from or alleged effect of the subsequent compliance hearing which never took place. Therefore, Samuel's deadline to file a motion for new trial is calculated based on the date the *Order of Enforcement by Contempt and Suspension of Commitment* was signed, not on the date of the scheduled compliance hearing.

Because the compliance hearing date did not extend Samuel's deadline to file his motion for new trial, Samuel's motion as well as his notice of appeal were both untimely. As such, this Court should dismiss Samuel's appeal for want of jurisdiction.

## IV. No Extension of Time Sought

When a party misses the deadline for filing a notice of appeal, *Tex. R. App. P. Rule 26.3* allows such party to seek an extension of time from the court of appeals by filing a notice of appeal with the trial court within fifteen (15) days after the notice of appeal was due and by filing a motion for extension of time with the appellate court within that same period. In this case the fifteen (15) day grace period expired on Monday, October 14, 2014.

Samuel filed his notice of appeal in the trial court on January 28, 2015, and he did not file a motion for extension of time to file his notice of appeal. Further, because his notice of appeal was not timely filed as urged above, no effective

6

motion for extension of time can even be implied.

If, as is the case here, the appellant files the notice of appeal after the filing deadline and after the fifteen (15) day grace period, the error cannot be corrected and the appellee, in this case Melissa, is entitled to seek dismissal of the appeal for lack of jurisdiction. *Tex. R. App. P. 26.3; Tex. R. App. 42.3(a); Lott v. Hidden Valley Airpark Ass'n,* 49 S.W.3d 604, 605 (Tex. App. – Fort Worth 2001, no pet.).

Based on the foregoing, Melissa asserts that Samuel did not timely perfect his appeal and further he cannot cure the defect in his filing. As a result this Court lacks jurisdiction over the appeal and should dismiss.

## V. Conclusion and Prayer

Appellee, MELISSA ANN MONTANA, prays that the Court grant this motion to dismiss for lack of jurisdiction and for all costs to be adjudged against Appellant, SAMUEL RENE MONTANA.

Respectfully submitted,

**SHORT • CARTER • MORRIS, L.L.P.**


_/s/_  **Patricia N. Carter**
**PATRICIA N. CARTER**
State Bar No. 24004485
1177 West Loop South, Suite 700
Houston, Texas  77027
713/626-3345
713/759-9650 Facsimile
pcarter@shorcartermorris.com
(nonservice email)
scmservice@shortcartermorris.com
(service email)
Attorney for **MELISSA ANN MONTANA**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following attorneys of record or pro se parties by the method indicated below in accordance with the Texas Rules of Appellate Procedure on this the 19th day of February, 2015:

*Mr. Bryan L. Abercrombie*
*Cordell & Cordell, PC*
*1330 Post Oak Blvd., Suite 1800*
*Houston, Texas 77056*
*832-730-2973*
*832-730-2974 (facsimile)*
babercrombie@cordelllaw.com


_/s/_  Patricia N. Carter
**PATRICIA N. CARTER**

Certified Document Number: 57173973 - Page 1 of 11

CAUSE NO. 2012-47087

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| MELISSA ANN MONTANA AND SAMUEL RENE MONTANA | § § § § § | 247TH JUDICAL DISTRICT HARRIS COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

FILED
Chris Daniel
District Clerk

AUG 30 2013

Time: _____
Harris County, Texas

By _____
Deputy

On August 2, 2013 the Court heard the agreement of the parties.

*Appearances*

Petitioner, **MELISSA ANN MONTANA**, appeared in person and through attorney of record, Patricia N. Carter, and announced that an agreement had been reached.

Respondent, **SAMUEL RENE MONTANA**, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by Respondent's signature and the signature of his attorney, Bryan L. Abercrombie, below.

*Record*

The making of a record of testimony was waived by the parties with the consent of the Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner and Respondent were registered as domiciliaries of Texas for the preceding six-month period and as residents of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 1*

EXHIBIT
A

permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached in mediation with Steve A. Bavousett. This Final Decree of Divorce is stipulated to represent a merger of a mediated settlement agreement between the parties. To the extent there exist any differences between the mediated settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that **MELISSA ANN MONTANA**, Petitioner, and **SAMUEL RENE MONTANA**, Respondent, are divorced and that the marriage between them is dissolved on the grounds of adultery and cruelty.

*Children of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

IT IS ORDERED AND DECREED that the husband, **SAMUEL RENE MONTANA**, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control, unless otherwise awarded to **MELISSA ANN MONTANA** hereinbelow.

H-2. The furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment as set out in the attached Schedule A.

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control unless otherwise awarded to **MELISSA ANN MONTANA** hereinbelow.

H-4. All funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

a. USAA Savings account number ending in 56650000;

b. Bank of America account number ending in 9345;

c. USAA Money Market Fund account number ending in 5040;

d. USAA Joint checking account number ending in 0019;

e. $15,107 dollars from USAA Savings account number ending in 6717, receipt of which on July 31, 2013, is hereby acknowledged;

H-5. All rewards miles and points associated with his American Airlines account and Marriott Rewards account as of July 21, 2013.

H-6. 45% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in **SAMUEL RENE MONTANA**'s name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, **SAMUEL RENE MONTANA** is required to name **MELISSA ANN MONTANA** as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.

H-7. 25% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of **SAMUEL RENE MONTANA**. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If **SAMUEL RENE MONTANA**'s account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of **SAMUEL RENE MONTANA**'s account(s), and **SAMUEL RENE MONTANA** shall pay any and all loans. The amount of the outstanding loan balance will be included in **SAMUEL RENE MONTANA**'s total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if **SAMUEL RENE MONTANA** has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. **SAMUEL RENE MONTANA** is prohibited from taking any loans or withdrawals from this account until funds awarded to **MELISSA ANN MONTANA** have been distributed to her.

H-8. All policies of term life insurance (including cash values) insuring the husband's life.

IT IS ORDERED AND DECREED that the wife, **MELISSA ANN MONTANA**, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, unless otherwise awarded to Husband hereinabove.

W-2. The furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment set out on Schedule B.

Certified Document Number: 57173973 - Page 3 of 11

W-3.   All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control, including without limitation all jewelry and the silver flatware from **MELISSA ANN MONTANA**'s aunt and all contents of any safe deposit box in her name, unless otherwise awarded to Husband hereinabove.

W-4.   All funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

   a.   Chase Checking account number ending in 0920;

   b.   USAA savings account number ending in 6717; and

   c.   USAA checking account number ending in 6725.

W-5.   55% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in **SAMUEL RENE MONTANA**'s name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, **SAMUEL RENE MONTANA** is required to name **MELISSA ANN MONTANA** as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.

W-6.   75% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of **SAMUEL RENE MONTANA**. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If **SAMUEL RENE MONTANA**'s account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of **SAMUEL RENE MONTANA**'s account(s), and **SAMUEL RENE MONTANA** shall pay any and all loans. The amount of the outstanding loan balance will be included in **SAMUEL RENE MONTANA**'s total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if **SAMUEL RENE MONTANA** has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. **SAMUEL RENE MONTANA** is prohibited from taking any loans or withdrawals from this account until funds awarded to **MELISSA ANN MONTANA** have been distributed to her.

W-7.   All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, Thrift Savings Plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment, including but not limited to:

Thrift Savings Plan account number ending in 40740.

Certified Document Number: 57173973 - Page 4 of 11

W-8.   All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name, including but not limited to:

a.      USAA IRA ~~account~~ contract number ending in 8477 as of the date of this agreement;

b.      USAA Capital Growth Fund mutual fund/IRA account number ending in 2108 as of the date of this agreement;

c.      USAA Cornerstone Moderately Aggressive Fund mutual fund/IRA account number ending in 0667 as of the date of this agreement; and

d.      USAA World Growth Fund mutual fund/Roth IRA account number ending in 7134 as of the date of this agreement.

W-9.   All policies of term life insurance (including cash values) insuring the wife's life.

W-10. The 2013 Lexus RX350 motor vehicle, vehicle identification number 2T2ZK1BA0DC115332, together with all prepaid insurance, keys, and title documents.

W-11. All rewards miles and points associated with any reward accounts of **MELISSA ANN MONTANA**.

IT IS ORDERED AND DECREED that the husband, **SAMUEL RENE MONTANA**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.   The following debts, charges, liabilities, and obligations:

a.      Any loan or indebtedness associated with Husband's Thrift Saving's Plan account number ending in 16470.

b.      100% of the balance of Bank of America credit card account number ending in 9023;

c.      100% of the balance of Chase credit card account number ending in 2130;

d.      100% of the balance of USAA American Express credit card account number ending in 2429;

e.      100% of the balance of LLBean Barclays credit card account number ending in 2637;

f.      100% of the balance of Hilton HHonors American Express card account number ending in 63005; and

Certified Document Number: 57173973 - Page 5 of 11

g.    100% of the balance of American Express credit card account number ending in 4818.

H-2.    All debts, charges, liabilities, and other obligations incurred solely by the husband from and after August 16, 2012 unless express provision is made in this decree to the contrary.

H-3.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-4.    Any and all debts, charges, liabilities, and other obligations associated with EIN 27-1116107.

IT IS ORDERED AND DECREED that the wife shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.    The balance due, including principal, interest, and all other charges, on the promissory note payable to USAA, San Antonio, Texas, and given as part of the purchase price of and secured by a lien on the 2013 Lexus RX350 motor vehicle awarded to the wife.

W-2.    The following debts, charges, liabilities, and obligations:

a.    100% of the balance of MasterCard credit card account number ending in 9423; and

b.    100% of the balance of VISA credit card account number ending in 9792.

W-3.    All debts, charges, liabilities, and other obligations incurred solely by the wife from and after August 16, 2012 unless express provision is made in this decree to the contrary.

W-4.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

*Attorney's Fees*

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own currently owed attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

*Income Taxes*

Certified Document Number: 57173973 - Page 6 of 11

IT IS ORDERED AND DECREED that **SAMUEL RENE MONTANA** shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2012, and shall timely pay any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold **MELISSA ANN MONTANA** and her property harmless therefrom unless such additional tax, penalty, and/or interest resulted from **MELISSA ANN MONTANA**'s omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by **MELISSA ANN MONTANA.**

IT IS ORDERED AND DECREED that if a refund is made for overpayment of taxes for any year during the parties' marriage through December 31 of 2012, each party shall be entitled to one-half of the refund, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party, to the extent of one-half of the total amount of the refund, and shall pay to the other party one-half of the total amount of the refund check within five days of receipt of the refund check. Either party is ORDERED to endorse a refund check on presentation by the other party.

For the purposes of determining income tax liability, the parties agree and hereby partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this decree to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1, 2013, through the date of divorce. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from January 1, 2013, through the date of divorce, as if the same were that party's separate property. The parties agree and IT IS ORDERED AND DECREED that, for the purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to have been partitioned to that party and have been that party's separate property as of January 1, 2013, and thereafter. The parties further agree and IT IS ORDERED AND DECREED that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

IT IS ORDERED AND DECREED that for the calendar year 2013, each party shall file an individual income tax return.

IT IS ORDERED AND DECREED that **MELISSA ANN MONTANA** shall report 100 percent of her income, withholdings, prepayments, and deductions and none of **SAMUEL RENE MONTANA**'s income, withholdings, prepayments, and deductions. **MELISSA ANN MONTANA** shall be entitled to receive 100 percent of any refund for which she might be entitled on her 2013 federal income tax return. **MELISSA ANN MONTANA** shall pay 100 percent of any liability shown on her 2013 federal income tax return.

IT IS ORDERED AND DECREED that **SAMUEL RENE MONTANA** shall report 100 percent of his income, withholdings, prepayments, and deductions and none of **MELISSA ANN MONTANA**'s income, withholdings, prepayments, and deductions. **SAMUEL RENE MONTANA** shall be entitled to receive 100 percent of any refund for which he might be entitled on his 2013 federal income tax return. **SAMUEL RENE MONTANA** shall pay 100 percent of any liability shown on his 2013 federal income tax return.

Certified Document Number: 57173973 - Page 7 of 11

IT IS ORDERED AND DECREED that for calendar year 2013, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall pay for the preparation of his or her return for 2013.

IT IS ORDERED AND DECREED that each party shall preserve for a period of seven years from the date of divorce all financial records relating to the community estate. Each party is ORDERED to allow the other party access to these records to determine acquisition dates or tax basis or to respond to an IRS examination within five days of receipt of written notice from the other party. Access shall include the right to copy the records.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Undivided Assets/Liabilities*

IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

*No Provision as Alimony*

IT IS ORDERED AND DECREED that no provision of this decree shall be construed as alimony under the Internal Revenue Code, except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

*Confirmation of Separate Property*

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of **SAMUEL RENE MONTANA**:

$23,667.37 of Husband's Thrift Savings Plan, representing the balance as of date of marriage.

22% of Husband's Federal Employee Retirement System self-only benefits, representing benefits accrued prior to the parties' date of marriage.

Certified Document Number: 57173973 - Page 8 of 11

*Transfer and Delivery of Property*

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

*COBRA*

**SAMUEL RENE MONTANA** is ORDERED to give written notice to his employer within fifteen days of the date the court signs this Final Decree of Divorce that **MELISSA ANN MONTANA** is exercising her option to continue the existing health insurance coverage through the Federal Employees Health Benefits (FEHB) Program, and **SAMUEL RENE MONTANA** is FURTHER ORDERED to pay all premiums required to maintain the coverage in full effect until a new policy is issued in the name of **MELISSA ANN MONTANA** up to a maximum of thirty days, at which time **SAMUEL RENE MONTANA** shall be relieved of the obligation to pay the premiums. IT IS FURTHER ORDERED that the notice to the employer shall include the last known mailing address of **MELISSA ANN MONTANA** and that a copy of the notice shall be sent to **MELISSA ANN MONTANA**. **SAMUEL RENE MONTANA** is also ORDERED to furnish to **MELISSA ANN MONTANA** a copy of the presently existing health insurance card and any explanation of benefits under the coverage within fifteen days from the signing of this decree.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, **MELISSA ANN MONTANA**, and Respondent, **SAMUEL RENE MONTANA**, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

Certified Document Number: 57173973 - Page 9 of 11

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act, or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This divorce judicially PRONOUNCED AND RENDERED in court at Houston, Harris County, Texas, on August 2, 2013, and further noted on the court's docket sheet on the same date, but signed on _____ Aug 30 2013 _____.

_____
JUDGE PRESIDING

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 10*

Certified Document Number: 57173973 - Page 10 of 11

APPROVED AS TO FORM ONLY:

SHORT · CARTER · MORRIS, L.L.P.

PATRICIA N. CARTER
State Bar. No. 24004485
1177 West Loop South, Suite 700
Houston, Texas 77027
713/626-3345
713/759-9650 Facsimile
Attorney for Petitioner
MELISSA ANN MONTANA

CORDELL & CORDELL, P.C.

BRYAN L. ABERCROMBIE  *w/ permission
State Bar No. 24029411
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2965
Fax: (832) 730-2966
Attorney for Respondent
SAMUEL RENE MONTANA

APPROVED AND CONSENTED TO AS TO
BOTH FORM AND SUBSTANCE:

Petitioner
MELISSA ANN MONTANA

Respondent
SAMUEL RENE MONTANA

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 11*



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    September 13, 2013

Certified Document Number:          57173973

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 2012-47087

P.4

CASO

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICAL DISTRICT |
| AND | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

## PETITION FOR ENFORCEMENT OF PROPERTY DIVISION BY CONTEMPT AND ORDER TO APPEAR

1.     Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.     Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3.     This suit is brought by **MELISSA ANN MONTANA**, Petitioner. The last three numbers of Petitioner's driver's license number are 309. The last three numbers of Petitioner's Social Security number are 108.

**SAMUEL RENE MONTANA** is the Respondent.   Process should be served on **SAMUEL RENE MONTANA** wherever he may be found.

4.     On August 30, 2013 this Court signed an *Agreed Final Decree of Divorce* that is attached hereto as Exhibit "A" and incorporated herein for all purposes that states in relevant part as follows:

Pages 3-4

"*IT IS ORDERED AND DECREED that the wife, MELISSA ANN MONTANA, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:*

"...

"*W-5. 55% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in SAMUEL RENE MONTANA's name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, SAMUEL RENE MONTANA is required to name MELISSA ANN MONTANA as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.*

**EXHIBIT**

**B**

*"W-6. 75% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of SAMUEL RENE MONTANA. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If SAMUEL RENE MONTANA's account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of SAMUEL RENE MONTANA's account(s), and SAMUEL RENE MONTANA shall pay any and all loans. The amount of the outstanding loan balance will be included in SAMUEL RENE MONTANA's total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if SAMUEL RENE MONTANA has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. SAMUEL RENE MONTANA is prohibited from taking any loans or withdrawals from this account until funds awarded to MELISSA ANN MONTANA have been distributed to her."*

Petitioner was the petitioner and Respondent was the respondent in the prior proceedings.

5.      Respondent has failed to comply with the order described above as follows:

Violation 1:  Respondent failed to sign the Qualified Domestic Relations Order attached hereto as Exhibit "B" and incorporated herein for all purposes pertaining to the Federal Employee Retirement System self-only benefits awarded to the Petitioner in the *Agreed Final Decree of Divorce*.  Respondent's failure to sign this Qualified Domestic Relations Order prohibits Petitioner from receiving any of the benefits she is entitled to pursuant to the *Agreed Final Decree of Divorce*.

Violation 2:  Respondent failed to sign the Qualified Domestic Relations Order attached hereto as Exhibit "C" and incorporated herein for all purposes pertaining to community portion of the Thrift Savings Plan benefits awarded to the Petitioner in the *Agreed Final Decree of Divorce*.  Respondent's failure to sign this Qualified Domestic Relations Order prohibits Petitioner from receiving any of the benefits she is entitled to pursuant to the *Agreed Final Decree of Divorce*.

Violation 3:   Respondent took out one or more loans against the Thrift Savings Plan awarded to the Petitioner in the *Agreed Final Decree of Divorce* prior to the funds awarded to Petitioner being distributed to her.  As of the date of filing this Petition, none of the funds awarded to Petitioner from the Thrift Savings Plan have been distributed to her.

6.      Petitioner seeks an order directing Respondent to immediately sign the Qualified Domestic Relations Orders attached hereto as Exhibits "B" and "C" and to immediately pay off any and all loans taken out against the Thrift Savings Plan.

7.      Petitioner requests that Respondent be held in contempt, jailed, and fined for each violation alleged above.

8.    Petitioner requests that Respondent be confined in the county jail for no more than eighteen months or until Respondent complies with the order of the Court.

9.    Petitioner requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

10.    It was necessary to secure the services of Patricia N. Carter, a licensed attorney, to enforce and protect the rights of **MELISSA ANN MONTANA**. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

Petitioner prays that citation and notice issue as required by law, that the Court render an order directing Respondent to immediately sign the Qualified Domestic Relations Orders attached hereto as Exhibits "B" and "C" and to immediately pay off any and all loans taken out against the Thrift Savings Plan. Petitioner prays that Respondent be held in contempt and punished as requested, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt. Petitioner prays for for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

SHORT · CARTER · MORRIS, L.L.P.

PATRICIA N. CARTER
State Bar No.: 24004485
1177 West Loop South, Suite 700
Houston, Texas 77027
713/626-3345
713/759-9650 Facsimile
Attorney for **MELISSA ANN MONTANA**

## ORDER TO APPEAR

Respondent, **SAMUEL RENE MONTANA**, is ORDERED to appear and respond to this *Petition for Enforcement of Property Division by Contempt and Order to Appear* in the 247th Judicial District Court of Harris County, Texas, on ___7|30|2014___, at ___9:30___ A .M. The purpose of this hearing is to determine whether the relief requested in this motion should be granted.

It is further ordered that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice, or process in this case.

SIGNED on ___June 3, 2014___.

_Meca Walker_
JUDGE PRESIDING

| IN THE MATTER OF | § | IN THE DISTRICT COURT |
|---|---|---|
| THE MARRIAGE OF | § | |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICAL DISTRICT |
| AND | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

On August 2, 2013 the Court heard the agreement of the parties.

*Appearances*

Petitioner, **MELISSA ANN MONTANA**, appeared in person and through attorney of record, Patricia N. Carter, and announced that an agreement had been reached.

Respondent, **SAMUEL RENE MONTANA**, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by Respondent's signature and the signature of his attorney, Bryan L. Abercrombie, below.

*Record*

The making of a record of testimony was waived by the parties with the consent of the Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner and Respondent were registered as domiciliaries of Texas for the preceding six-month period and as residents of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 1*

Certified Document Number: 57173973 - Page 1 of 11

FILED
Chris Daniel
District Clerk

AUG 30 2013

Time: _____
Harris County, Texas
By _____
Deputy


EXHIBIT
A

permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached in mediation with Steve A. Bavousett. This Final Decree of Divorce is stipulated to represent a merger of a mediated settlement agreement between the parties. To the extent there exist any differences between the mediated settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that **MELISSA ANN MONTANA**, Petitioner, and **SAMUEL RENE MONTANA**, Respondent, are divorced and that the marriage between them is dissolved on the grounds of adultery and cruelty.

*Children of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

IT IS ORDERED AND DECREED that the husband, **SAMUEL RENE MONTANA**, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control, unless otherwise awarded to **MELISSA ANN MONTANA** hereinbelow.

H-2. The furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment as set out in the attached Schedule A.

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control unless otherwise awarded to **MELISSA ANN MONTANA** hereinbelow.

H-4. All funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

a. USAA Savings account number ending in 56650000;

b. Bank of America account number ending in 9345;

c. USAA Money Market Fund account number ending in 5040;

d.    USAA Joint checking account number ending in 0019;

e.    $15,107 dollars from USAA Savings account number ending in 6717, receipt of which on July 31, 2013, is hereby acknowledged;

H-5.    All rewards miles and points associated with his American Airlines account and Marriott Rewards account as of July 21, 2013.

H-6.    45% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in **SAMUEL RENE MONTANA's** name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, **SAMUEL RENE MONTANA** is required to name **MELISSA ANN MONTANA** as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.

H-7.    25% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of **SAMUEL RENE MONTANA**. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If **SAMUEL RENE MONTANA's** account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of **SAMUEL RENE MONTANA's** account(s), and **SAMUEL RENE MONTANA** shall pay any and all loans. The amount of the outstanding loan balance will be included in **SAMUEL RENE MONTANA's** total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if **SAMUEL RENE MONTANA** has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. **SAMUEL RENE MONTANA** is prohibited from taking any loans or withdrawals from this account until funds awarded to **MELISSA ANN MONTANA** have been distributed to her.

H-8.    All policies of term life insurance (including cash values) insuring the husband's life.

IT IS ORDERED AND DECREED that the wife, **MELISSA ANN MONTANA**, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, unless otherwise awarded to Husband hereinabove.

W-2.    The furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment set out on Schedule B.

Certified Document Number: 57173973 - Page 3 of 11

W-3. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control, including without limitation all jewelry and the silver flatware from **MELISSA ANN MONTANA**'s aunt and all contents of any safe deposit box in her name, unless otherwise awarded to Husband hereinabove.

W-4. All funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

    a.    Chase Checking account number ending in 0920;

    b.    USAA savings account number ending in 6717; and

    c.    USAA checking account number ending in 6725.

W-5. 55% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in **SAMUEL RENE MONTANA**'s name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, **SAMUEL RENE MONTANA** is required to name **MELISSA ANN MONTANA** as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.

W-6. 75% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of **SAMUEL RENE MONTANA**. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If **SAMUEL RENE MONTANA**'s account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of **SAMUEL RENE MONTANA**'s account(s), and **SAMUEL RENE MONTANA** shall pay any and all loans. The amount of the outstanding loan balance will be included in **SAMUEL RENE MONTANA**'s total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if **SAMUEL RENE MONTANA** has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. **SAMUEL RENE MONTANA** is prohibited from taking any loans or withdrawals from this account until funds awarded to **MELISSA ANN MONTANA** have been distributed to her.

W-7. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, Thrift Savings Plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment, including but not limited to:

Thrift Savings Plan account number ending in 40740.

W-8. All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name, including but not limited to:

a. USAA IRA ~~account~~ contract number ending in 8477 as of the date of this agreement;

b. USAA Capital Growth Fund mutual fund/IRA account number ending in 2108 as of the date of this agreement;

c. USAA Cornerstone Moderately Aggressive Fund mutual fund/IRA account number ending in 0667 as of the date of this agreement; and

d. USAA World Growth Fund mutual fund/Roth IRA account number ending in 7134 as of the date of this agreement.

W-9. All policies of term life insurance (including cash values) insuring the wife's life.

W-10. The 2013 Lexus RX350 motor vehicle, vehicle identification number 2T2ZK1BA0DC115332, together with all prepaid insurance, keys, and title documents.

W-11. All rewards miles and points associated with any reward accounts of **MELISSA ANN MONTANA.**

IT IS ORDERED AND DECREED that the husband, **SAMUEL RENE MONTANA**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The following debts, charges, liabilities, and obligations:

a. Any loan or indebtedness associated with Husband's Thrift Saving's Plan account number ending in 16470.

b. 100% of the balance of Bank of America credit card account number ending in 9023;

c. 100% of the balance of Chase credit card account number ending in 2130;

d. 100% of the balance of USAA American Express credit card account number ending in 2429;

e. 100% of the balance of LLBean Barclays credit card account number ending in 2637;

f. 100% of the balance of Hilton HHonors American Express card account number ending in 63005; and

Certified Document Number: 57173973 - Page 5 of 11

g.    100% of the balance of American Express credit card account number ending in 4818.

H-2.    All debts, charges, liabilities, and other obligations incurred solely by the husband from and after August 16, 2012 unless express provision is made in this decree to the contrary.

H-3.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-4.    Any and all debts, charges, liabilities, and other obligations associated with EIN 27-1116107.

IT IS ORDERED AND DECREED that the wife shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.    The balance due, including principal, interest, and all other charges, on the promissory note payable to USAA, San Antonio, Texas, and given as part of the purchase price of and secured by a lien on the 2013 Lexus RX350 motor vehicle awarded to the wife.

W-2.    The following debts, charges, liabilities, and obligations:

a.    100% of the balance of MasterCard credit card account number ending in 9423; and

b.    100% of the balance of VISA credit card account number ending in 9792.

W-3.    All debts, charges, liabilities, and other obligations incurred solely by the wife from and after August 16, 2012 unless express provision is made in this decree to the contrary.

W-4.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

*Attorney's Fees*

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own currently owed attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

*Income Taxes*

IT IS ORDERED AND DECREED that **SAMUEL RENE MONTANA** shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2012, and shall timely pay any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold **MELISSA ANN MONTANA** and her property harmless therefrom unless such additional tax, penalty, and/or interest resulted from **MELISSA ANN MONTANA**'s omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by **MELISSA ANN MONTANA**.

IT IS ORDERED AND DECREED that if a refund is made for overpayment of taxes for any year during the parties' marriage through December 31 of 2012, each party shall be entitled to one-half of the refund, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party, to the extent of one-half of the total amount of the refund, and shall pay to the other party one-half of the total amount of the refund check within five days of receipt of the refund check. Either party is ORDERED to endorse a refund check on presentation by the other party.

For the purposes of determining income tax liability, the parties agree and hereby partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this decree to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1, 2013, through the date of divorce. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from January 1, 2013, through the date of divorce, as if the same were that party's separate property. The parties agree and IT IS ORDERED AND DECREED that, for the purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to have been partitioned to that party and have been that party's separate property as of January 1, 2013, and thereafter. The parties further agree and IT IS ORDERED AND DECREED that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

IT IS ORDERED AND DECREED that for the calendar year 2013, each party shall file an individual income tax return.

IT IS ORDERED AND DECREED that **MELISSA ANN MONTANA** shall report 100 percent of her income, withholdings, prepayments, and deductions and none of **SAMUEL RENE MONTANA**'s income, withholdings, prepayments, and deductions. **MELISSA ANN MONTANA** shall be entitled to receive 100 percent of any refund for which she might be entitled on her 2013 federal income tax return. **MELISSA ANN MONTANA** shall pay 100 percent of any liability shown on her 2013 federal income tax return.

IT IS ORDERED AND DECREED that **SAMUEL RENE MONTANA** shall report 100 percent of his income, withholdings, prepayments, and deductions and none of **MELISSA ANN MONTANA**'s income, withholdings, prepayments, and deductions. **SAMUEL RENE MONTANA** shall be entitled to receive 100 percent of any refund for which he might be entitled on his 2013 federal income tax return. **SAMUEL RENE MONTANA** shall pay 100 percent of any liability shown on his 2013 federal income tax return.

Certified Document Number: 57173973 - Page 7 of 11

IT IS ORDERED AND DECREED that for calendar year 2013, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall pay for the preparation of his or her return for 2013.

IT IS ORDERED AND DECREED that each party shall preserve for a period of seven years from the date of divorce all financial records relating to the community estate. Each party is ORDERED to allow the other party access to these records to determine acquisition dates or tax basis or to respond to an IRS examination within five days of receipt of written notice from the other party. Access shall include the right to copy the records.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Undivided Assets/Liabilities*

IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

*No Provision as Alimony*

IT IS ORDERED AND DECREED that no provision of this decree shall be construed as alimony under the Internal Revenue Code, except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

*Confirmation of Separate Property*

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of **SAMUEL RENE MONTANA**:

$23,667.37 of Husband's Thrift Savings Plan, representing the balance as of date of marriage.

22% of Husband's Federal Employee Retirement System self-only benefits, representing benefits accrued prior to the parties' date of marriage.

Certified Document Number: 57173973 - Page 8 of 11

*Transfer and Delivery of Property*

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

*COBRA*

**SAMUEL RENE MONTANA** is ORDERED to give written notice to his employer within fifteen days of the date the court signs this Final Decree of Divorce that **MELISSA ANN MONTANA** is exercising her option to continue the existing health insurance coverage through the Federal Employees Health Benefits (FEHB) Program, and **SAMUEL RENE MONTANA** is FURTHER ORDERED to pay all premiums required to maintain the coverage in full effect until a new policy is issued in the name of **MELISSA ANN MONTANA** up to a maximum of thirty days, at which time **SAMUEL RENE MONTANA** shall be relieved of the obligation to pay the premiums. IT IS FURTHER ORDERED that the notice to the employer shall include the last known mailing address of **MELISSA ANN MONTANA** and that a copy of the notice shall be sent to **MELISSA ANN MONTANA**. **SAMUEL RENE MONTANA** is also ORDERED to furnish to **MELISSA ANN MONTANA** a copy of the presently existing health insurance card and any explanation of benefits under the coverage within fifteen days from the signing of this decree.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, **MELISSA ANN MONTANA**, and Respondent, **SAMUEL RENE MONTANA**, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

Certified Document Number: 57173973 - Page 9 of 11

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act, or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This divorce judicially PRONOUNCED AND RENDERED in court at Houston, Harris County, Texas, on August 2, 2013, and further noted on the court's docket sheet on the same date, but signed on ___Aug 30, 2013___.

_____
JUDGE PRESIDING

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 10*

Certified Document Number: 57173973 - Page 10 of 11

APPROVED AS TO FORM ONLY:

SHORT · CARTER · MORRIS, L.L.P,

PATRICIA N. CARTER
State Bar No. 24004485
1177 West Loop South, Suite 700
Houston, Texas 77027
713/626-3345
713/759-9650 Facsimile
Attorney for Petitioner
MELISSA ANN MONTANA

CORDELL & CORDELL, P.C,

Bryan abercrombie *w/ permission*

BRYAN L. ABERCROMBIE
State Bar No. 24029411
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2965
Fax: (832) 730-2966
Attorney for Respondent:
SAMUEL RENE MONTANA

APPROVED AND CONSENTED TO AS TO
BOTH FORM AND SUBSTANCE:

Petitioner
MELISSA ANN MONTANA

Respondent
SAMUEL RENE MONTANA

*In the Matter of the Marriage of Montana*
*Agreed Final Decree of Divorce*
*Page 11*

Certified Document Number: 57173973 - Page 11 of 11



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this ___September 13, 2013___

Certified Document Number: ___57173973___

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

NO. 2012-47087

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICIAL DISTRICT |
| | § | |
| AND | § | |
| | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

## RETIREMENT BENEFITS COURT ORDER (AGREED)
### For the Thrift Savings Plan

THIS MATTER having come before the court on motion, and the court, after reviewing the motion and being otherwise fully advised of the matter:

1.  **Participant Payee:** The Participant Payee is Samuel Rene Montana of 5030 North May Avenue #252, Oklahoma City, OK 73112, whose date of birth is February 11, 1969 and whose social security number is XXX-XX-8530.

2.  **Former Spouse Payee:** Melissa Ann Montana of 14 Hilshire Grove Lane, Houston, TX 77055, whose date of birth is March 10, 1971 and whose social security number is XXX-XX-7108.

3.  **Ordered:** Former Spouse Payee is awarded two hundred forty-eight thousand, five hundred sixty-nine and 96/100 dollars ($248,569.96) from the Thrift Savings Plan account as of July 31, 2013 of Participant Payee.

4.  **Further Ordered:** Earnings will be paid on the amount of the entitlement under this ORDER until payment is made.

ENTERED: _____

_____
**Judge Presiding**



APPROVED AS TO FORM ONLY:

Short | Carter | Morris, L.L.P.                    Cordell & Cordell

_____                          _____
Patricia N. Carter                                 Bryan Lee Abercrombie
Counsel for Melissa Ann Montana                    Counsel for Samuel Rene Montana
Bar #: 24004485                                    Bar #: 24029411
1177 West Loop South, Suite 700                    1330 Post Oak Blvd., Suite 1600
Houston, Texas 77027                               Houston, Texas 77056
7136263345                                         (832) 730-2973
Facsimile: 7137599650                              Facsimile: (832) 730-2966


APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:


_____                          _____
Melissa Ann Montana                                Samuel Rene Montana

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE DISTRICT COURT |
| MELISSA ANN MONTANA | §<br>§ | 247TH JUDICIAL DISTRICT |
| AND | §<br>§ | |
| SAMUEL RENE MONTANA | §<br>§ | HARRIS COUNTY, TEXAS |


---

NO. 2012-47087

IN THE MATTER OF
THE MARRIAGE OF                                      IN THE DISTRICT COURT

MELISSA ANN MONTANA                          247TH JUDICIAL DISTRICT

AND

SAMUEL RENE MONTANA                         HARRIS COUNTY, TEXAS

---

## Order Dividing Federal Employees Retirement System Benefits

### 1. Designation as Court Order Acceptable for Processing

This order is intended to constitute a "court order acceptable for processing" under regulations issued by the United States Office of Personnel Management (USOPM). In accordance with those regulations, IT IS ORDERED and specified as follows:

### 2. Assignment

This order assigns a portion of the benefits payable with respect to Samuel Rene Montana ("Employee") under the Federal Employees Retirement System (FERS) to Melissa Ann Montana ("Former Spouse") in recognition of the existence of Former Spouse's marital property rights in Employee's benefits under Texas law, §§7.001 and 7.003, Texas Family Code,.

### 3. Employee Information

Employee's last known mailing address is 5030 North May Avenue #252, Oklahoma City, OK 73112, birth date is February 11, 1969, and Social Security number is XXX-XX-8530.

### 4. Former Spouse Information

Former Spouse's mailing address is 14 Hilshire Grove Lane, Houston, TX 77055, birth date is March 10, 1971, and Social Security number is XXX-XX-7108.

### 5. Information about Marriage

Employee's marriage to Former Spouse began on February 8, 1997 and ended by divorce on August 2, 2013.

### 6. Identification of Retirement System and Award of Benefits

Employee will be eligible for retirement benefits under the FERS based on employment with the United States Government. Former Spouse is entitled to a share of those benefits (including any credits under the FERS for military service), with that share being a pro rata share of Employee's gross monthly annuity under the FERS using a 55% factor.

The USOPM is directed to pay Former Spouse's share directly to Former Spouse.

When cost-of-living adjustments are applied to Employee's retirement benefits, the cost-of-living adjustments shall apply proportionately to Former Spouse's share. If any salary adjustments relating to compensation paid between February 8, 1997 and July 31, 2013 that occur after the date of the divorce



EXHIBIT
C

decree and before Employee's date of retirement are applied to Employee's retirement benefits, the same salary adjustments shall apply to Former Spouse's share of the employee annuity.

## 7. Benefit Commencements and Termination

Former Spouse shall be entitled to commence to receive her share of Employee's annuity when all the following have occurred:

(a)    the receipt by the USOPM of Former Spouse's application to be eligible for share;

(b)    the receipt by the USOPM of all documentation required by statute and regulations;

(c)    the determination that this order is acceptable for processing;

(d)    the retirement of Employee and Employee's entitlement to immediate commencement of employee annuity.

Payments shall continue to Former Spouse for the remainder of Employee's lifetime; however, should Former Spouse predecease the Employee, all benefits payable to Former Spouse shall revert to Employee upon Former Spouse's death.

## 8. Refund of Employee Contributions

The USOPM is directed not to pay Employee a refund of employee contributions.

## 9. Former Spouse Survivor Annuity

Former Spouse is awarded an amount of the former spouse survivor annuity equal to the maximum possible former spouse survivor annuity unless Employee remarries before retirement. If Employee remarries before retirement, Former Spouse is awarded a former spouse survivor annuity under the FERS in an amount equal to a pro rata share.

## 10. Taxes

Former Spouse is ORDERED to pay all taxes incurred by reason of any benefits paid to Former Spouse under this order

## 11. Employee Constructive Trustee

While it is anticipated that the USOPM will pay the benefits awarded to Former Spouse directly to Former Spouse, Employee is designated a constructive trustee to the extent Employee receives any benefits under the FERS that are due to Former Spouse but paid to Employee. Employee is ORDERED to pay that amount directly to Former Spouse within three days after receipt by Employee.

## 12. Continued Jurisdiction

The Court retains jurisdiction of this case for the purpose of making any clarifying orders that are necessary for the proper enforcement of the orders and provisions contained in this order and that may be necessary to ensure acceptance of this order as a court order acceptable for processing and to maintain its acceptable status.

ENTERED: _____


_____
**Judge Presiding**


NO. 2012-47087;
FERS Court Order Acceptable for Processing

APPROVED AS TO FORM ONLY:

Short | Carter | Morris, L.L.P.

Cordell & Cordell

Patricia N. Carter
Counsel for Melissa Ann Montana
Bar #: 24004485
1177 West Loop South, Suite 700
Houston, Texas 77027
7136263345
Facsimile: 7137599650

Bryan Lee Abercrombie
Counsel for Samuel Rene Montana
Bar #: 24029411
1330 Post Oak Blvd., Suite 1600
Houston, Texas 77056
(832) 730-2973
Facsimile: (832) 730-2966

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

**Melissa Ann Montana**

**Samuel Rene Montana**

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

P4
. NCA
13D
CP4Y4

CAUSE NO. 2012-47087

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICAL DISTRICT |
| AND | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

## ORDER OF ENFORCEMENT BY CONTEMPT
## AND SUSPENSION OF COMMITMENT

On July 30, 2014, the Court heard Movant's Petition for Enforcement of Property Division by Contempt.

*Appearances*

Movant, **MELISSA ANN MONTANA**, appeared in person and through attorney of record, Patricia N. Carter, and announced ready for trial.

Respondent, **SAMUEL RENE MONTANA**, appeared in person and through attorney of record, Nida C. Wood, and announced ready for trial.

*Jurisdiction*

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction over the subject matter and the parties in this case. All persons entitled to citation were properly cited.

*Record*

The record of testimony was duly reported by the court reporter for the 247th Judicial District Court.

*Findings*

The Court finds that Respondent is guilty of separate violations of the order signed on August 30, 2013 in Cause No. 2012-47087, styled "In the Matter of the Marriage of Melissa Ann Montana and Samuel Rene Montana," in the 247th Judicial District Court of Harris County, Texas, Certified Document Number 57173973, and states in relevant part as follows:

Pages 3-4

*In the Matter of the Marriage of Montana*
*Order on Enforcement by Contempt*
*Page 1*

Certified Document Number: 62258696 - Page 1 of 4

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging


EXHIBIT
C

"IT IS ORDERED AND DECREED that the wife, MELISSA ANN MONTANA, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

"...

"W-5. 55% of all Federal Employee Retirement System self-only benefits earned or accrued between February 8, 1997 and July 31, 2013 in SAMUEL RENE MONTANA's name including but not limited to any future cost of living allowances and adjustments, former spouse survivor annuity, social security contributions made prior to the date of divorce and including any available disability benefit to which husband may be entitled. Husband is prohibited from choosing a refund of contributions for his Federal Employee Retirement System benefits and must choose the annuity benefit. Further, SAMUEL RENE MONTANA is required to name MELISSA ANN MONTANA as the surviving non-participant spouse and may not change this beneficiary designation or survivor option.

"W-6. 75% of the community portion of the Thrift Savings Plan, account number 0502-1145-16470, as of July 31, 2013, in the name of SAMUEL RENE MONTANA. (The community portion of the Thrift Savings Plan is defined as the balance of the plan on July 31, 2013 minus $23,667.37). If SAMUEL RENE MONTANA's account balance in the Thrift Savings Plan includes an outstanding loan balance, the loan balance will remain an asset of SAMUEL RENE MONTANA's account(s), and SAMUEL RENE MONTANA shall pay any and all loans. The amount of the outstanding loan balance will be included in SAMUEL RENE MONTANA's total account balance for purposes of determining Alternate Payee's interest. The intent is, for example, if SAMUEL RENE MONTANA has a $10,000 account balance and a $2,000 loan balance as of the date of this agreement, Alternate Payee is entitled to $7,500 (75 percent of the net account balance). The total account balance shall not be allocated on a pro rata basis. SAMUEL RENE MONTANA is prohibited from taking any loans or withdrawals from this account until funds awarded to MELISSA ANN MONTANA have been distributed to her."

The Court further finds that no Thrift Savings Plan funds had been distributed to MELISSA ANN MONTANA as of the date of this hearing.

The Court further finds that Respondent SAMUEL RENE MONTANA has failed to comply with and has violated the provisions of the order as follows: Respondent took out one or more loans against the Thrift Savings Plan awarded to the Petitioner in the *Agreed Final Decree of Divorce* prior to the funds awarded to Petitioner being distributed to her, specifically loan number 0421004G.

The Court specifically finds that Respondent SAMUEL RENE MONTANA is in contempt for the violation enumerated above.

The Court further finds that attorney's fees and costs of $2,838.10 should be assessed

*In the Matter of the Marriage of Montana*
*Order on Enforcement by Contempt*
*Page 2*

Certified Document Number: 62258696 - Page 2 of 4

against Respondent **SAMUEL RENE MONTANA.**

*Relief Granted*

IT IS ADJUDGED that Respondent, **SAMUEL RENE MONTANA,** is in contempt for each separate violation enumerated above.

*Criminal Contempt*

IT IS ORDERED that punishment for the violation is assessed at confinement in the county jail of Harris County, Texas, for a period of one hundred eighty (180) days.

IT IS THEREFORE ORDERED that Respondent **SAMUEL RENE MONTANA** is committed to the county jail of Harris County, Texas, for a period of one hundred eighty (180) days for the violation enumerated above.

*Suspension of Commitment*

IT IS FURTHER ORDERED that commitment is suspended on the following terms and conditions:

1. IT IS ORDERED that Respondent shall by 5:00 p.m. on August 1, 2014 repay to his Thrift Savings Plan the outstanding balance on loan number 0421004G.

2. IT IS FURTHER ORDERED that Respondent shall by 5:00 p.m. on August 1, 2014 repay to his Thrift Saving's Plan all interest lost on the funds taken as loan number 0421004G against his Thrift Savings Plan as a result of the loan.

It is Further ORDERED ↲

3. IT IS ORDERED that Respondent pay, by cash, cashier's check, or money order, as attorney's fees, expenses, and costs, two thousand eight hundred thirty eight dollars and ten cents (**$2,838.10**) directly to Patricia N. Carter at 1177 West Loop South, Suite 700, Houston, Texas 77027 on or before 5:00 p.m. on October 1, 2014. The attorney may enforce this order for attorney's fees, expenses, and costs in the attorney's own name.

*Attorney's Fees*

IT IS ORDERED that judgment is awarded to Patricia N. Carter in the amount of two thousand eight hundred thirty eight dollars and ten cents (**$2,838.10**) for reasonable attorney's fees, expenses, and costs, with interest at legal rate per annum compounded annually from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against **SAMUEL RENE MONTANA,** Respondent, and Respondent is ORDERED to pay those fees, expenses, costs, and interest, by cash, cashier's check, or money order, directly to Patricia N. Carter at 1177 West Loop South, Suite 700, Houston, Texas 77027 on or before 5:00 p.m. on October 1, 2014. Patricia N. Carter may enforce this judgment for fees, expenses, and costs in her own name by any means available for the enforcement of a judgment for debt.

*In the Matter of the Marriage of Montana*
*Order on Enforcement by Contempt*
*Page 3*

Certified Document Number: 62258696 - Page 3 of 4

*Compliance Hearing*                    ⟨2014 at 9 am.⟩                    (CMJ)

IT IS ORDERED that SAMUEL RENE MONTANA shall appear for a compliance hearing on Wed., Oct. 29, / in the 247th Judicial District Court of Harris County, Texas, to determine whether SAMUEL RENE MONTANA is complying with the terms of this Order.

*Relief Not Granted*

All relief requested and not expressly granted is denied.

SIGNED on Aug. 29, 2014.

JUDGE PRESIDING
assigned

APPROVED AS TO FORM ONLY:

**SHORT · CARTER · MORRIS, L.L.P.**

---

**PATRICIA N. CARTER**
State Bar No.: 24004485
1177 West Loop South, Suite 700
Houston, Texas 77027
713/626-3345
713/759-9650 Facsimile
Attorney for Petitioner
**MELISSA ANN MONTANA**

**CORDELL & CORDELL, P.C.**

---

**BRYAN L. ABERCROMBIE**
State Bar No. 24029411
Nida C. Wood
State Bar No. 24072034
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2965
Fax: (832) 730-2966
Attorney for Respondent
**SAMUEL RENE MONTANA**

*In the Matter of the Marriage of Montana*
*Order on Enforcement by Contempt*
*Page 4*

Certified Document Number: 62258696 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 23, 2014

Certified Document Number:        62258696

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/1/2014 4:00:39 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3335694
By: Pamela Parnell
Filed: 12/1/2014 4:00:39 PM

NO. 2012-47087

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICIAL DISTRICT |
| AND | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

## MOTION TO SET ASIDE ENFORCEMENT ORDER
## AND/OR FOR NEW TRIAL OR IN THE ALTERNATIVE CLARIFICATION

This Motion for New Trial is brought by SAMUEL RENE MONTANA, Respondent, who shows in support:

1. On the 29th of August, 2014 a judgment was signed by this Court in this case.

2. The Court retains plenary power based on the follow up compliance hearing set by the Court on the entry of the Judgment. The compliance hearing in this matter on October 29, 2014 was passed by the parties.

3. The order holding client in contempt amounted to error due to the fact that client was not personally served with the Motion to Enforce previously filed. In order to Movant in contempt for any violation of the Final Decree, actual notice in the form of personal service would be required. In fact, Movant was not even in the State of Oklahoma to be served with process. Another individual working in Movant's office was presented with the citation and it was represented to the Court that personal service was effectuated.

4. The above error amounted to such a denial of Movant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. Tex. R. App. P. 44.1(a)(1).

5. SAMUEL RENE MONTANA has a meritorious defense to the cause of action



Page 1

alleged in this case.

6.    The granting of a new trial would not injure MELISSA ANN MONTANA.

7.    Justice will not be properly served unless a new trial is granted.

SAMUEL RENE MONTANA prays that the Court set aside the judgment signed on August 29, 2014 and grant a new trial.

## ALTERNATIVE MOTION FOR CLARIFICATION

NOW COMES SAMUEL RENE MONTANA and files this Motion for Clarification and requests the court clarify the previous order of enforcement signed on August 29, 2014

1. The order is unclear as the ruling is unclear as to whether or not Movant was held in contempt at the prior hearing.

2. Movant requests that the prior order ordering contempt be clarified to state what was actually ordered by the Court. It appears from the reading of the transcript that Movant was given the option of repayment of the retirement account by a date certain or being held in contempt with incarceration. Movant selected to repay the retirement account which he did. Further, Movant has complied with each an every term of the Enforcement Order.

3. Movant requests that this Court clarify the Order to state that Movant was only in contempt if he did not repay the retirement fund or did not comply with the other terms of the order.

SAMUEL RENE MONTANA prays that the Court clarify the judgment signed on August 29, 2014 and order the clarifications as requested above.

Respectfully submitted,

CORDELL & CORDELL PC
1330 Post Oak Boulevard
Suite 1800
Houston, Texas 77056
Tel: (832) 730-2965
Fax: (832) 730-2966


By:_____
   Bryan L. Abercrombie
   State Bar No. 24029411
   babercombie@cordelllaw.com
   Attorney for SAMUEL RENE MONTANA

## Verification

The undersigned states under oath: "I am the movant in this Motion for New Trial. I have read the motion. The statement contained in paragraph 3 in the motion is within my personal knowledge and is true and correct."

_____
SAMUEL RENE MONTANA

SIGNED under oath before me on _____.

_____
Notary Public, State of Oklahoma

## Notice of Hearing

The above motion is set for hearing on _____ at _____ ____. m. in 247th District Court.

SIGNED on _____.

_____
Judge or Clerk

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on December 1, 2014.

_____
Bryan L. Abercrombie
Attorney for SAMUEL RENE MONTANA

NO. <u>2012-47087</u>

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE DISTRICT COURT |
| MELISSA ANN MONTANA<br>AND<br>SAMUEL RENE MONTANA | §<br>§<br>§<br>§ | 247TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

---

### AFFIDAVIT OF SAMUEL RENE MONTANA

---

SAMUEL RENE MONTANA appeared before me in person today and stated under oath as follows:

"My name is SAMUEL RENE MONTANA. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am the movant in this Motion for New Trial. The facts stated in this affidavit are within my personal knowledge and are true and correct.

It was represented to the Court on the date of the hearing that I was personally served with the Motion for Enforcement heard on that date. I was not ever personally served with citation in this case. In fact, I was not in the State of Oklahoma nor was I working on the office on the date the citation was served. I did not find out about the hearing until much later due to the fact that he papers to be served were left at my office."

_____
SAMUEL RENE MONTANA

SIGNED under oath before me on _____.

_____
Notary Public, State of Oklahoma

## NO. 2012-47087

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| MELISSA ANN MONTANA | § | 247TH JUDICIAL DISTRICT |
| AND | § | |
| SAMUEL RENE MONTANA | § | HARRIS COUNTY, TEXAS |

### NOTICE OF APPEAL

This Notice of Appeal is filed by SAMUEL RENE MONTANA, Respondent, a party to this proceeding who seeks to alter the trial court's judgment or other appealable order.

1.      The trial court, cause number, and style of this case are as shown in the caption above.

2.      The judgment or order appealed from was signed on August 29, 2014.

3.      The Court set a report back hearing for October 29, 2014.  A Motion for New Trial was filed on December 1, 2014 but was overruled by operation of law.

3.      SAMUEL RENE MONTANA desires to appeal any portions of the judgment dealing with contempt of court.

4.      This appeal is being taken to either the First or Fourteenth Court of Appeals.

5.      This notice is being filed by SAMUEL RENE MONTANA.

Respectfully submitted,
CORDELL & CORDELL PC
1330 Post Oak Boulevard
Suite 1800
Houston, Texas 77056
Tel: (832) 730-2973
Fax: (832) 730-2974

By: _____ w/permis
Bryan L. Abercrombie
State Bar No. 24029411
babercrombie@cordelllaw.com
Attorney for SAMUEL RENE MONTANA



EXHIBIT
E

## Certificate of Service

I certify that a true copy of this Notice of Appeal was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party:                    MELISSA ANN MONTANA

Lead attorney:            Patricia N. Carter

Address of service:       1177 West Loop South, Suite 700, Houston, Texas 77027

Method of service:        by mail

Date of service:          January 28, 2015

Party:                    Melissa Montana

Lead attorney:            Patricia N. Carter

Address of service:       1177 West Loop South, Suite 700, Houston, Texas 77027

Method of service:        by mail

Date of service:          January 28, 2015

Bryan L. Abercrombie
Attorney for Respondent